IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MICHAEL PERRY MUHAMMAD**                                                                **PLAINTIFF**
**ADC #096905**

v.                               No: 4:24-cv-00868-JM-PSH

**JAMES BECK,** *et al.*                                                                           **DEFENDANTS**

## ORDER

Pending before the Court is Plaintiff Michael Perry Muhammad's Second Motion for Injunctive Relief (Doc. No. 31), brief-in-support (Doc. No. 32), and a response filed by Defendants Dr. James Beck, APN Lonnell Seamster, and RN Jasmine Saih (the "Defendants") (Doc. No. 33). Based on a thorough review of the pleadings and supporting documentation, it appears some additional information would be helpful to the Court.

First, the Court previously ordered the Defendants obtain photographs of Muhammad's injured leg and the cysts on his neck and to mail color copies of those photographs to the Court and Muhammad. *See* Doc. No. 12. That order was arguably stayed by Wellpath's bankruptcy case, but any stay has now been lifted,[1] and the Court has not received the photographs.

---

[1] *See* Doc. No. 16; *In re Wellpath Holdings, Inc.*, *et al*., Case No. 24-90533 (Bankr. S.D. Tex) (Bankr. Doc. Nos. 2592, 2599).

Second, the Court would benefit from a copy of Muhammad's complete medical record from November 12, 2024, through present; this record should include any requests for medical treatment made by Muhammad during this time. The photographs and Muhammad's complete medical record should be filed under seal with the Defendants' supplemental response within fourteen days of the date of this Order.

Finally, before making a recommendation on the pending motion, the Court needs to know whether the Defendants intend to pursue a defense that Muhammad failed to exhaust his administrative remedies before filing this lawsuit. In order to succeed on his motion, Muhammad must demonstrate that he is likely to succeed on the merits of this case; if he has not exhausted his available administrative remedies, he cannot do so. *See e.g., Gakuba v. Jeffreys,* No. 19-CV-01081-SMY, 2020 WL 1248295, at *2 (S.D. Ill. Mar. 16, 2020) (finding that plaintiff was not entitled to a preliminary injunction because he cannot establish a likelihood of success on his claim if he has not exhausted his available administrative remedies); *Endicott v. Allen*, No. 2:17-CV-29-DDN, 2019 WL 480014, at *5 (E.D. Mo. Feb. 7, 2019) (finding that plaintiff had not demonstrated a likelihood of success on the merits where it appeared defendants were likely to at least partially succeed with a defense that plaintiff had failed to exhaust his claims).

Defendants must notify the Court within fourteen days from the date of this Order whether or not they intend to pursue a defense that Muhammad failed to exhaust his administrative remedies. If they intend to do so, the defense must be raised by motion for summary judgment no later than September 30, 2025.

IT IS SO ORDERED this 31st day of July, 2025.

_____
UNITED STATES MAGISTRATE JUDGE